## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANNE GLENN WELTNER, FRANCYS JOHNSON, and LAURA REGISTER,<br><br>               Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, SECRETARY OF STATE, STATE OF GEORGIA,<br><br>             Defendant. | Civil Action File No.<br><br>1:20-cv-01407-ODE |

## NON-PARTY JOHN BARROW'S
## BRIEF IN SUPPORT OF HIS MOTION TO INTERVENE

John Barrow ("Barrow") hereby files his brief in support of his Motion to Intervene in this action as a matter of right under Federal Rule of Civil Procedure 24(a)(2), or by discretion pursuant to Rule 24(b)(1)(B), and shows the Court the following:

### STATEMENT OF FACTS

Justice Keith R. Blackwell currently serves as Associate Justice of the Georgia Supreme Court.  Under the Georgia Constitution, Justices are elected in nonpartisan elections to six year terms.  1983 Ga. Const. Art. VI, Sec. VII, Para. I. Justice Blackwell's current term began on January 1, 2015 and expires on

December 31, 2020.  Proposed Complaint in Intervention at ¶ 22 (attached hereto as Exhibit A).   On February 26, 2020, Justice Blackwell submitted a letter to Governor Brian Kemp "expressing [his] intent to resign effective November 18, 2020." Ex. A at 24.  On the same day, Governor Kemp sent a response accepting Justice Blackwell's letter expressing his intent to resign effective November 18, 2020.  *Id*. at ¶ 25.  Had Justice Blackwell desired to run for reelection to this Court, he would have had to qualify for and run in the nonpartisan general election, which is scheduled to be on May 19, 2020.  Justice Blackwell continues to occupy a seat on the Court and will continue to do so until close of business on November 18, 2020.  *Id*. at ¶ 24.

Defendant Brad Raffensperger, the Georgia Secretary of State, is responsible for receiving qualifying fees and notices of candidacy for persons seeking election to the office of Justice of the Georgia Supreme Court.  Ex. A at ¶ 19.  On March 1, 2020, based on Governor Kemp's statement of intent to fill Justice Blackwell's office by appointment, Defendant cancelled qualifying for that seat and directed that his staff not accept qualifications fees or notices of candidacy from anyone seeking to qualify as a candidate for that office.  *Id*. at ¶¶ 26.

Plaintiffs Anne Glenn Weltner, Francys Johnson, and Laura Register are Georgia voters who filed this action seeking the reinstatement of the election for Justice Blackwell's successor to the Georgia Supreme Court.  Barrow supports

Plaintiffs' position and contends that Defendant Raffensperger's actions violated state law at the time he cancelled the election and that this act violated the rights of the voters of Georgia to elect their Supreme Court Justices and Barrow's right to run for that office.  Barrow also contends that the state law newly announced by the Georgia Supreme Court which grants the Governor and a sitting Justice the unfettered right to cancel or nullify an election violates the due process clause of the United States Constitution.  Barrow seeks intervention to protect his separate and distinct fundamental right to run as a prospective candidate for that elected office.

Barrow is an attorney and former member of the United States House of Representatives, residing in Athens, Georgia.  Barrow is a citizen of Georgia and meets all of the qualification requirements to seek election to the Supreme Court. Barrow attempted to qualify for the May 19, 2020, election to succeed Justice Blackwell for the term of office on the Court to begin January 1, 2021.  Ex. A at ¶ 26.  Respondent's staff declined to accept his tendered qualifying fee or notice of candidacy.  *Id.*  Barrow intends to qualify for and seek election to that office when the election is reinstated.  *Id*. at ¶ 27.

On March 5, 2020, Barrow filed a Petition for Writ of Mandamus against Defendant in the Superior Court of Fulton County, seeking an order requiring the Defendant to hold qualifying for and conduct the election for Justice Blackwell's

seat on the Court. *Id.* at ¶ 8. The Superior Court denied relief. Barrow appealed the denial of his Petition to the Supreme Court. On May 14, 2020, the Supreme Court issued its opinion in *Barrow v. Raffensperger*, affirming the decision of the Superior Court (on different grounds), and declining to issue the Writ of Mandamus sought by Barrow. *See Barrow v. Raffensperger*, __ Ga. __, 2020 WL 2485188 (Ga. 2020). The Supreme Court's decision and its reading of Georgia's Constitution to allow for the *ex post* nullification of a duly called and sanctioned election violates Barrow's fundamental right to run as an intended candidate under the United States Constitution.

Based on the actions of Justice Blackwell, Governor Kemp, and Secretary Raffensperger, Barrow has been foreclosed from seeking election to Justice Blackwell's office where, absent the acts of these individuals, the election would be required to go forward as scheduled. As detailed in the proposed Complaint in Intervention, Barrow asserts that the newly announced state law that sanctions the current state of affairs violates his rights under the United States Constitution. Specifically, because no then-current basis existed when Secretary Raffensperger cancelled the election, his actions were in violation of state law and impaired Barrow's right to run, thus violating his rights under the United States Constitution. *See Duncan v. Poythress*, 657 F.2d 691, 704 (5th Cir. 1981).

4

Additionally, the newly announced state law that allows the Governor and a sitting Justice the unfettered authority to cause the cancellation or nullification of a duly called election can lead, and did lead in this case, to the arbitrary and capricious interference with Barrow's right to run for that office in violation of the United States Constitution. *See Cook v. Randolph Cty., Ga.*, 573 F.3d 1143, 1152 (11th Cir. 2009) ("Citizens also have a constitutionally protected right to run for public office."). The acts of these two officeholders are subject to no legal constraints and therefore Barrow was deprived of his right to run without the due process required by the United States Constitution.

The acts of all three officeholders in causing the preemptive cancellation of the election, and the refusal to qualify Barrow as a candidate, led to the deprivation of Barrow's First Amendment right to free political speech and expression through a prior restraint by excluding him from the right to campaign freely as a candidate. *See Weaver v. Bonner*, 309 F.3d 1312, 1319 (11th Cir. 2002) ("A candidate's speech during an election campaign occupies the core of the protection afforded by the First Amendment. The proper test to be applied to determine the constitutionality of restrictions on core political speech is strict scrutiny.") (quotation marks and citations omitted). The cancellation of the election is an unconstitutional prior restraint on protected political speech and expression. *See id*. at 1323 ("Any system of prior restraints of expression comes to this Court

bearing a heavy presumption against its constitutional validity.") (quoting *Bantam Books, Inc. v. Sullivan,* 372 U.S. 58, 70, 83 S.Ct. 631, 639, 9 L.Ed.2d 584 (1963)).

Therefore, Barrow seeks intervention in this matter to assert those claims and vindicate those rights.

## ARGUMENT AND CITATION OF AUTHORITY

**A.     Barrow Should Be Permitted To Intervene As A Matter Of Right To Protect His Interest In The Conduct Of The Election As An Intended Candidate.**

Intervention as a matter of right is provided for in Rule 24(a)(2), which states that the Court must permit anyone to intervene who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). "A party seeking intervention under Rule 24(a)(2) must demonstrate that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit. *Worlds v. Dep't of Health and Rehabilitative Servs.*, 929 F.2d 591, 593 (11th Cir.1991) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

6

Barrow meets each of these four requirements and should be permitted to intervene as a matter of right.

> 1. *Barrow's Motion is timely.*

First, Barrow's Motion is timely because it has been filed as early as practicable following Barrow's claim becoming ripe. Until the Supreme Court of Georgia's interpretation of the Georgia Constitution in *Barrow v. Raffensperger*, state law, and Barrow's claims as asserted herein, were not fully formed. Further, this case is still at its early stages. Although the Court recently ruled on the Plaintiffs' motion for preliminary injunction, no answer or other responsive pleading has been filed by Defendant. Further, the Court left the motion for preliminary injunction open as to Plaintiffs' second claim without a definitive ruling. None of the parties will be prejudiced by Barrow's intervention at this time.

> 2. *Barrow has unique interests in the election as a prospective candidate.*

Second, the "transaction" that is the subject matter of this action is the method by which the successor to Justice Blackwell's office on the Supreme Court is to be determined, and the actions of Defendant in refusing to hold an election for that seat. Barrow, like Plaintiffs, contends that the Defendant's cancellation of the scheduled election for that office, which was previously scheduled to be included on the nonpartisan general election ballot for May 19,

7

2020, violates his right to run and the election must be reinstated. Specifically, Barrow contends that the newly announced law that allows the Governor and a sitting Justice the unfettered authority to act to cancel or nullify an election for Justice of the Georgia Supreme Court allows for, and caused in this case, the arbitrary, capricious, and unreasonable disenfranchisement of the voters of Georgia, including Barrow, and the violation of Barrow's right to run for that office without due process.

Barrow has a unique interest in the transaction in that he not only desires to vote in that election, like the Plaintiffs in this case, but he also desires to put himself forth as a candidate in that election.  As he meets all of the qualifying criteria Barrow has the legal and fundamental right to run and to stand as a candidate in the election, and therefore he has a legal interest in it being held as scheduled and as is required by Georgia and federal law.  *See Cook v. Randolph Cty., Ga.*, 573 F.3d 1143, 1152 (11th Cir. 2009) ("Citizens also have a constitutionally protected right to run for public office.")  Defendant's actions in refusing to hold the required election for Justice Blackwell's seat on the Supreme Court impair Barrow's "constitutionally protected right to run for public office,"

Beyond the right to run in the election, Barrow also has a unique interest, as a prospective candidate, in the timing of the resolution of this matter.  To be meaningful and to allow voters to get to know the candidates, elections require

8

campaigning.   This is especially true in less-publicized elections, where the candidate(s) are less well-known, and where the public interest in the election may be lower than for more public-facing offices.  The longer Barrow must wait for a determination as to the status of the election, the less time he has to campaign, which impairs his chances of success.  If a citizen has the right to run for public office, it must follow that he has the right to campaign for that office and to have sufficient time to do so.  A ruling requiring the election to be held and to qualify Barrow as a candidate would be a mere pyrrhic victory if it does not also include sufficient time to campaign.

Barrow also has a unique interest in the timing of the election.  Not all election dates are the same.  The election of a Supreme Court Justice in Georgia is statutorily and constitutionally required to coincide with the other nonpartisan general election races in May of even-numbered years.  *See* O.C.G.A. §§ 21-2-9, -138, -150.   Any ruling requiring the election to be held, but allowing or requiring it to be held on a different date from the other nonpartisan general election races, is certain to impact the make-up of the electorate and, therefore, impact the outcome of the election itself.  As discussed below, this is an interest unique to Barrow as a prospective candidate and distinct from the interests of Plaintiffs in having the right to vote in the election.

9

### 3.  *Barrow's interests would be impaired absent intervention.*

Third, unless Barrow is allowed to pursue this matter in this Court, Barrow's interest could be impaired because this Court could make any number of rulings that conflict with or entirely destroy Barrow's interests in participating in the election.  The Eleventh Circuit has stated that "the potential for a negative stare decisis effect may supply that practical disadvantage which warrants intervention of right."  *Stone v. First Union Corp.*, 371 F.3d 1305, 1309–10 (11th Cir. 2004) (internal quotation marks and citation omitted).  A decision against Plaintiffs in this matter would, as a practical matter, foreclose Barrow from seeking relief from this Court in his own suit.  Further, even a decision requiring the election to be held, but, for example, as a special election on its own date, may satisfy Plaintiffs' interests, but may be inadequate to fully protect Barrow's distinct interests.

### 4.  *Barrow's interests are inadequately protected by the current parties.*

Fourth, Barrow's interests in the election are distinct in many ways from Plaintiffs' interests in pursuing this action, although many coincide or overlap. The Eleventh Circuit recognizes a presumption of adequate representation where an existing party seeks the same objectives as the interveners.  *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004) (citing *Clark v. Putnam County,* 168 F.3d 458, 461 (11th Cir.1999)). But "[t]his presumption is weak and

can be overcome if the plaintiffs present some evidence to the contrary. *Id.* "Interveners need only show that the current plaintiff's representation may be inadequate, however, and the burden for making such a showing is minimal." *Id.* (internal quotation marks omitted).

As stated above, Barrow's interests as a prospective candidate and his right to run for public office are unique and distinct from the interests of Plaintiffs solely as voters desiring to exercise their rights to vote for their next Georgia Supreme Court Justice. Barrow has a special interest in being allowed to qualify, have his name placed on the ballot, to campaign, and to stand for election. Barrow's unique interests can only be adequately protected through his intervention in this action. It is unlikely that the remedies sought or intended to be sought by Plaintiffs are the equivalent to the remedies that Barrow will seek if allowed to intervene, specifically with regard to the timing of qualifying and the scheduling of the election. Because of their distinct rights and interests, Plaintiffs are not adequately suited to represent Barrow's interests.

Accordingly, Barrow should be allowed to intervene as a matter of right under Rule 24(a)(2).

## B.    Alternatively, Barrow Should Be Permitted To Intervene In The Discretion Of The Court.

Barrow should also be permitted to intervene under Rule 24(b)(1)(B). Under the statute, upon timely application, anyone may be permitted to intervene

in an action where he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). When the court exercises its discretion to allow a permissive intervention, Rule 24(b)(3) further provides that "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A claim for permissive intervention is for the sound discretion of the Court, and the Court's decision will not be reversed absent abuse of discretion. *Athens Lumber Co., Inc. v. Federal Election Comm'n*, 690 F.2d 1364, 1367 (11th Cir. 1982).

In this action, the central issue is whether the election must be held for Justice Blackwell's seat. Barrow's claims that Defendant Raffensperger is violating state constitutional and statutory law, and that the state of the law as announced by the Georgia Supreme Court in *Barrow v. Raffensperger* violates the United States Constitution, share significant common questions of law and fact with the Plaintiffs' asserted claims in this case. Barrow's position on the law overlaps heavily with the position espoused by Plaintiffs here in that both contend the Defendant's actions were unconstitutional and the election must be reinstated. Further, the facts at issue almost entirely overlap as to the underlying question of Justice Blackwell's intent and actions as well as the response to those actions by Defendant and other state officers.

12

No delay will occur as a result of this intervention as Barrow's Motion has been filed very early in this litigation. Granting Barrow's Motion will result in a complete and efficient adjudication of the issues. If Barrow's Motion is not granted, he will be left to file a separate action against Defendant to put forth very similar legal and factual arguments to those presented by Plaintiffs, and seek similar remedies to those requested here.  If Barrow is allowed to intervene, there can be a single, efficient judicial determination as to the voters' and prospective candidate(s) rights to require Defendant to hold the election for Justice Blackwell's seat on the Georgia Supreme Court.

## <u>CONCLUSION</u>

Barrow is an interested party in this matter and is entitled to intervene as a matter of right. Additionally, the Court has the discretion to permit Barrow to intervene because whether Defendant Raffensperger has unlawfully cancelled the election for the successor to Justice Blackwell and whether state law allowing that cancellation (or refusing to reverse it) violates the U.S. Constitution, are the precise questions already before this Court. Accordingly, Barrow respectfully requests the Court to grant this Motion.

Furthermore, granting this Motion will not cause undue delay, as this proceeding has only just been initiated. In accordance with Rule 24(c), Barrow has attached as Exhibit "A" a copy of Barrow's proposed Complaint in

Intervention.

Respectfully submitted this 28th day of May, 2020.

*/s/ Wade H. Tomlinson, III*

WADE H. TOMLINSON, III
Georgia Bar No. 714605
CHARLES W. BYRD
Georgia Bar No. 100850
GEORGE W. DARDEN, III
Georgia Bar No. 205400
MICHAEL J. MOORE
Georgia Bar No. 520109
ELIZABETH S. WHITE
Georgia Bar No. 258844
MICHAEL P. MORRILL
Georgia Bar No. 545410
**Pope, McGlamry, Kilpatrick,**
**Morrison & Norwood, P.C.**
3391 Peachtree Road, NE, Suite 300
P.O. Box 19337 (31126-1337)
Atlanta, GA  30326
(404) 523-7706
triptomlinson@pmkm.com
chuckbyrd@pmkm.com
buddydarden@pmkm.com
michaelmoore@pmkm.com
lizwhite@pmkm.com
mikemorrill@pmkm.com
efile@pmkm.com

S. LESTER TATE, III
Georgia Bar No. 698835
**Akin & Tate**
P.O. Box 878
Cartersville, GA 30120
(770) 382-0780
lester@akin-tate.com

*Attorneys for Non-Party John Barrow*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANNE GLENN WELTNER, FRANCYS JOHNSON, and LAURA REGISTER,<br><br>        Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, SECRETARY OF STATE, STATE OF GEORGIA,<br><br>        Defendant. | Civil Action File No.<br><br>1:20-cv-01407-ODE |

## **Local Rule 7.1 D Certification**

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14 point font, in compliance with Local Rule 5.1B.

Respectfully submitted this 28th day of May, 2020.

*/s/ Wade H. Tomlinson, III*
WADE H. TOMLINSON, III
Georgia Bar No. 714605

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |
|---|---|
| ANNE GLENN WELTNER, FRANCYS JOHNSON, and LAURA REGISTER,<br><br>                Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, SECRETARY OF STATE, STATE OF GEORGIA,<br><br>                Defendant. | Civil Action File No.<br><br>1:20-cv-01407-ODE |

## CERTIFICATE OF SERVICE

This certifies that on the 28th day of May, 2020, I did electronically file the foregoing NON-PARTY JOHN BARROW'S BRIEF IN SUPPORT OF HIS MOTION TO INTERVENE with the Clerk of Court using CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted this 28th day of May, 2020.

*/s/ Wade H. Tomlinson, III*
WADE H. TOMLINSON, III
**Pope, McGlamry, Kilpatrick,
Morrison & Norwood, P.C.**
3391 Peachtree Road, NE, Suite 300
P.O. Box 19337 (31126-1337)
Atlanta, GA  30326
(404) 523-7706
triptomlinson@pmkm.com

16